UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CHRISTOPHER HALE,

   Petitioner,

   v.

KAREN BRUNSON.,

   Respondent.

Case No. C07-5391 RBL/KLS

ORDER DENYING MOTION FOR
TRANSFER OF STATE COURT
RECORD AS PREMATURE

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 1, 3 and 4. Petitioner has filed his petition for habeas corpus (Dkt. # 1) and a motion for the transfer of the state appellate court record to this court for review of his habeas petition. (Dkt. # 2). Upon review of the motion, the Court finds that it is premature and should be denied at this time.

**I. DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited. A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts unless

ORDER - 1

the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

Rule 5(c) of the rules governing § 2254 cases provides that the respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed. The State must attach to its answer any parts of the transcript it deems relevant. Once this is done, the court, "on its own motion or upon request of the petitioner *may* order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished." Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004). As noted by the *Simental* court, on habeas review, except in limited circumstances, the district court does not make independent factual determinations. *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner "fails to identify any incompleteness or inaccuracies in the facts before the district court.").

The Ninth Circuit's holding in *Richmond v. Ricketts*, 774 F.2d 957 (9th Cir. 1985), requiring that the district court examine all relevant parts of the state court record, is not inconsistent with these holdings or Rule 5. Under Rule 5, the determination of relevance is left to the discretion of the respondent. A demand for further documentation can only be executed by court order *sua sponte* or by request of the petitioner. Rules foll. § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes,

ORDER - 2

1976 Adoption. Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary. When a dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

## II. CONCLUSION

Therefore, until the petition for habeas has been properly served on Respondent in this case and Respondent has had an opportunity to respond and attach the relevant parts of the state court record, Petitioner's motion for transfer of the state court docket need not be addressed. Accordingly, Petitioner's motion for transfer of the state court docket (Dkt. # 2) is **DENIED** at this time.

DATED this  15th  day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3