1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15

MICHAEL CHRISTOPHER HALE,

Petitioner,

v.

KAREN BRUNSON,

Respondent.

Case No.  C07-5391 RBL/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**December 28, 2007**

16
17
18
19
20
21
22
23
24
25
26
27
28

        This habeas corpus action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this

action under 28 U.S.C. § 2254, challenging his 2003 conviction and sentence.  (Dkt. # 1).

Respondent filed a Motion to Dismiss the petition as time-barred under 28 U.S.C. § 2244(d) with

relevant portions of the state court proceedings.  (Dkt. # 12, Exhs. 1-16).  Respondent also filed a

Statement of Cause for Filing of Dispositive Motion in Lieu of Answer.  (Dkt. # 13).  Respondent

has filed no opposition to the motion to dismiss.  Under Local Rule 7 (b)(2) failure to file papers in

opposition to a motion may be deemed by the Court as an admission the motion has merit.  After

careful review of the parties submissions, the state court record submitted by Respondent in support

of her motion to dismiss, and the balance of the record, the undersigned agrees that Mr. Hale's

petition is time barred as it was not filed within the one-year federal statute of limitations period

under 28 U.S.C. § 2244(d).

REPORT AND RECOMMENDATION
Page - 1

# I.  STATEMENT OF THE CASE

Mr. Hale is currently confined at the Clallam Bay Corrections Center in Clallam Bay, Washington.  (Dkt. # 1).  On June 6, 2003, Mr. Hale was convicted of one count of Assault in the First Degree and one count of Burglary in the First Degree. (Dkt. # 13, Exh. 1).  The trial court imposed a sentence of 288 months confinement. (*Id*., Exh. 1, p. 5).

## A.    State Court Procedural History

On June 13, 2003, counsel for Mr. Hale filed a notice of appeal of his superior court convictions. (*Id*., Exh. 2).  On December 31, 2003, counsel for Mr. Hale filed an appellant's brief in the Washington Court of Appeals. (*Id*., Exh. 3).

Respondent State of Washington filed its brief on March 19, 2004. (*Id*., Exh. 4).  On April 22, 2004, Mr. Hale filed his reply brief. (*Id*., Exh. 5).  On December 7, 2004, the Washington Court of Appeals entered an unpublished decision in which it affirmed Mr. Hale's superior court judgment and sentence. (*Id*., Exh. 6).  On January 7, 2005, counsel for Mr. Hale filed a petition for review in the Washington Supreme Court.   (*Id*., Exh. 7).

On March 29, 2005, the Chief Justice for the Washington Supreme Court entered an order denying Mr. Hale's petition for review.  (*Id*., Exh. 8).  On March 31, 2005, the Washington Court of Appeals entered its mandate. (*Id*., Exh. 9).

On March 16, 2006, counsel for Mr. Hale filed a personal restraint petition in the Washington Court of Appeals. (*Id*., Exh. 10).   On April 14, 2006, Respondent State of Washington filed a response brief. (*Id*., Exh. 11).  Counsel for Mr. Hale filed a reply brief. (*Id*., Exh. 12).  On October 23, 2006, the Washington Court of Appeals entered an order dismissing Mr. Hale's personal restraint petition. (*Id*., Exh. 13).  On November 21, 2006, counsel for Mr. Hale filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Exh. 14, p. 1).

On February 6, 2007, the Washington Supreme Court Commissioner entered a ruling

REPORT AND RECOMMENDATION
Page - 2

denying review. (*Id*., Exh. 15).  On May 21, 2007, the Washington Court of Appeals entered a certificate of finality. (*Id*., Exh. 16).

**B.     Federal Court Proceedings**

On July 5, 2007, Petitioner signed his habeas corpus petition. (Dkt. # 1).  Petitioner presents this Court with the following grounds for relief:

> 1.  Accomplice instruction in combination with other factors relieved the State it's [sic] burden of proof element wise.
>
> 2.  Ineffective assistance of trial counsel – refusing to let Hale testify in his own defense.
>
> 3. Evidence was insufficient to support the element of accomplice liability of the crimes.
>
> 4.  Ineffective assistance, failure to challenge the sufficiency decision on direct appeal when asked to do so.

(Dkt. # 1, pp. 6-11).

## II.  EXHAUSTION OF STATE REMEDIES

Because the Court finds that the petition was not filed within the one-year federal statute of limitations period under 28 U.S.C. § 2244(d), the Court need not determine whether Mr. Hale properly exhausted his available state remedies.  28 U.S.C. § 2254(b)(2).

## III.  EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion.  *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002).  The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999).   A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125

REPORT AND RECOMMENDATION
Page - 3

(1994).

The question of whether Mr. Hale filed his petition within the one-year federal statute of limitations is a purely legal one that may be resolved by reference to the record before this Court. Accordingly, an evidentiary hearing is not required.

## IV.  DISCUSSION

**A.     The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).   For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997.  *Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Id*. at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

> ( C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

REPORT AND RECOMMENDATION
Page - 4

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

Mr. Hale's state court judgment became final on June 27, 2005, ninety (90) days after the Washington Supreme Court denied his petition for review. (Dkt. # 12, Exh. 8). Two hundred and sixty-two (262) days then ran on the federal statute of limitations between June 27, 2005 and March 16, 2006, the date when Mr. Hale filed his personal restraint petition. (*Id*., Exh. 10). The statute of limitations was tolled during the pendency of Mr. Hale's personal restraint petition. 28 U.S.C. § 2244(D)(2); *Nino v. Galaza*, 183 F.3d at 1006. After the Washington Supreme Court Commissioner denied Mr. Hale's motion for discretionary review on February 6, 2007, his personal restraint petition was no longer pending. (*Id*., Exh. 15). See, e.g., *Conclaves v. Stewart*, 18 Fed. Appx. 580, 582 (9th Cir. 2001) (citing *Wixom v. Washington*, 264 F.3d 894, 897-98, n.4) (9th Cir. 2001)).

Therefore, the federal statute of limitations began to run again on February 6, 2007 and continued to run until July 5, 2007, the date when Mr. Hale signed his federal habeas petition.  (Dkt. # 1, p. 15).  The period of time between February 6, 2007 and July 5, 2007 is one hundred and forty-nine (149) days.  When the two periods of time in which the federal statute of limitations ran in an uninterrupted fashion are totaled (262 + 149), the result is 411 days, thus making Mr. Hale's federal habeas corpus petition untimely under the one-year federal statute of limitations under 28 U.S.C. §2244(d).  The time bar precludes this Court's review of the merits of his habeas corpus petition, unless the statute of limitations is subject to equitable tolling.

**B.      Equitable Tolling Is Unavailable**

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." *Corjasso*, 278 F.3d at 877 (citation omitted).   Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Id.* (citations omitted); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Allen v. Lewis*, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition.  *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999).   Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

There are no grounds for equitable tolling in this case.  There is no evidence that the Respondent or the State impeded Mr. Hale's ability to prepare and file his federal petition in a prompt fashion. There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of Mr. Hale's claims preventing him from timely filing his habeas petition.

As there are no extraordinary circumstances in his case that require the application of equitable tolling principles, Mr. Hale's federal habeas petition is barred and must be dismissed under 28 U.S.C. § 2244(d) .

REPORT AND RECOMMENDATION
Page - 6

## V.  CONCLUSION

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 28, 2007,**  as noted in the caption.

Dated this _6th_ day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 7